h CARAWAY, J.,
dissenting.
I respectfully dissent.
The Louisiana jurisprudence cited by the majority prohibits an insurer from denying coverage for disability until the insured is in a state of absolute helplessness. The insured’s contractual intent for economic protection from the loss of employment because of sickness or accident should not be thwarted by so narrow a definition for disability. Thus, the jurisprudence liberally recognizes and enforces the principal cause for the contract, and the insured, like Dr. Johnson, who is unable to perform the substantial and material duties of his job, is entitled to policy benefits. Nevertheless, the same jurisprudence has also recognized that despite the insured’s entitlement to benefits for dis *311 ability, other policy provisions may limit and terminate those benefits.
In Laborde v. Employers Life Insurance Co., 412 So.2d 1301 (La.1982), the supreme court applied the foregoing rule of interpretation to a disputed disability policy citing its prior ruling in Crowe v. Equitable Life Assurance Society of the United States, 179 La. 444, 154 So. 52 (1934). The court found that the plaintiff could no longer work as a journeyman carpenter and was therefore disabled under the policy, even though plaintiff continued working as a carpenter inspector doing lighter work. Nevertheless, because the onset of the disability did not begin within 90 days of plaintiffs accident, the policy’s lifetime disability benefits did not apply, and plaintiffs entitlement to disability benefits were contractually limited to two years.
The 90-day onset provision and its restrictive two-year limit on benefits was clearly not interpreted, liberally or otherwise, in Laborde, so as to prevent the policy’s regulation of the term of the benefits. The court said:
“Furthermore, with regard to the required ninety day onset of disability, plaintiff does not get any help from Crowe and Johnson v. State FarmMutual Automobile Insurance Company, 342 So.2d 664 (La.1977). | ¿Those cases are helpful as relates to Laborde’s claim only relative to his sickness disability, for he did not establish any disability within a ninety day period following the accident. Crowe and Johnson have to do with the character of established disability and the effect of the restrictive policy definitions.”
Laborde v. Employers Life Ins. Co. at 1303-1304.
From Laborde, we see that there is no policy at stake preventing an insurer from contractually cutting off benefits to a disabled person after payments for only two years. The jurisprudential rule for interpretation only vindicates the insured’s primary intent to receive economic benefits from the policy when he can no longer perform the substantial and material duties of his occupation. How long those benefits may continue is a different matter of contract. In this case, although Dr. Johnson became disabled and entitled to benefits when he could no longer perform as a surgeon, his choice to begin working in another occupation regulates the term of the policy’s benefits.